UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID W. BURTON,

      Plaintiff,

    v.

E.J. HALE, *et al.*,

      Defendants.

CASE NO. C06-654-MJP-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff David Burton alleges in his complaint violations of his constitutional rights arising out of a rape/murder investigation conducted by E.J. Hale, a detective with the Kent Police Department. Plaintiff names as defendants in this action Detective Hale and the Kent Police Department. Plaintiff seeks compensatory and punitive damages.

Defendants have filed a motion for summary judgment in which they argue that plaintiff's lawsuit should be dismissed in its entirety. Plaintiff has filed a response opposing defendants' motion. The briefing is now complete and this matter is ripe for review. This Court, having reviewed defendants' motion, plaintiff's response thereto, and the balance of the record, concludes that

REPORT AND RECOMMENDATION
PAGE - 1

defendants' summary judgment motion should be granted and this action should be dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is currently incarcerated at the South Dakota State Penitentiary ("SDSP") in Sioux Falls, South Dakota pursuant to a 2003 conviction for grand theft. (*See* Dkt. No. 30 at 12.) In 2005, plaintiff was identified as a possible suspect in the 1980 murder of Dorothy Marie Silzel in Kent, Washington. (*See* Dkt. No. 29 at 1-4 and Ex. 1 at 2-6.) On November 14, 2005, Detective Hale, with the assistance of Nate Leuning, an agent with the South Dakota Division of Criminal Investigation, obtained a search warrant for plaintiff's DNA from Circuit Judge Gene Keau in the Second Judicial Circuit for the State of South Dakota, County of Minnehaha. (Dkt. No. 29, Ex. 1 at 7-8.)

Judge Keau issued the warrant upon finding that the affidavit offered by Agent Leuning and Detective Hale in support of the search warrant established probable cause to believe that plaintiff's DNA would constitute evidence of the commission of the rape and murder of Dorothy Silzel. (*Id.*) On November 15, 2005, Detective Hale and Agent Leuning went to SDSP where they executed the warrant and collected two buccal (oral) swabs from plaintiff. (Dkt. No. 29 at 4-5.) On November 16, 2005, the buccal swabs were ordered released to the South Dakota Department of Criminal Investigation for disposition to Detective Hale. (Dkt. No. 29, Ex. 1 at 11-12.)

## DISCUSSION

Plaintiff alleges in his complaint that Detective Hale violated his rights under the Fourth Amendment by unreasonably demanding and seizing his DNA pursuant to the warrant without first giving him his Miranda warnings and without first providing him the legal counsel he had requested. Plaintiff also alleges in his complaint that Detective Hale caused him to be subjected to

REPORT AND RECOMMENDATION
PAGE - 2

unconstitutional conditions of confinement within the South Dakota Department of Corrections ("SDDOC") because of the manner in which he conducted his investigation. Detective Hale and the Kent Police Department now move for summary judgment.

## Summary Judgment

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is a fact relevant to the outcome of the pending action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues of material fact are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.*

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on summary judgment, the court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994).

## Kent Police Department

Defendants argue in their motion for summary judgment that the Kent Police Department is not a recognized legal entity amenable to suit under § 1983. Defendants are correct.

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691 (1978). Thus, the City of Kent,

REPORT AND RECOMMENDATION
PAGE - 3

for example, is a legal entity which is suable under § 1983.  Plaintiff, however, did not name the City of Kent as a defendant in this action.  Instead, he named the Kent Police Department as the party he believes is liable for the harm alleged in his complaint.  Police departments are generally not considered suable entities separate from the city itself.  *See West v. Waymire*, 114 F.3d 646, 647 (7th Cir. 1997); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1400 n. 1 (2d Cir. 1996); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (1992).  Because the Kent Police Department is not a legal entity subject to suit under § 1983, plaintiff's claims against this defendant must be dismissed.

## Detective Hale

Defendants argue in their motion for summary judgment that all of plaintiff's claims against Detective Hale are barred by the doctrine of qualified immunity.  Qualified immunity protects § 1983 defendants performing discretionary functions from liability for civil damages so long as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court clarified the test to be applied in evaluating claims of qualified immunity.  The threshold inquiry in a qualified immunity analysis is whether the facts alleged, when taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right.  *Id*. at 201.  If the reviewing court concludes that no constitutional right was violated by the defendant's conduct, the court need not inquire further.  *Id*.  However, if the reviewing court concludes that a constitutional right was violated, the court must then determine whether the right was clearly established.  *Id*.  And, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would

be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

In accordance with the standard set forth above, this Court first considers whether Detective Hale's conduct violated a constitutional right. Plaintiff asserts that Detective Hale violated his rights under the Fourth Amendment by unreasonably demanding and seizing his DNA pursuant to the search warrant. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. Search warrants are generally required for searches involving intrusion into the human body. *See Schmerber v. State of California*, 384 U.S. 757, 770 (1966). The purpose of a warrant is to allow a neutral and detached decision maker, rather than the police, to assess whether the police have probable cause to conduct a search. *Steagald v. United States*, 451 U.S. 204 (1981). *See also*, *United States v. Leon*, 468 U.S. 897 (1984).

The record before this Court makes clear that a search warrant was obtained from a judicial officer before plaintiff's DNA was collected. Plaintiff does not contend that probable cause for issuance of the warrant was inadequate. And, in fact, plaintiff concedes that he volunteered his DNA during the course of his conversation with Detective Hale on November 15, 2005. (*See* Dkt. No. 6 at 7 and 31.) Because plaintiff's DNA was collected pursuant to a facially valid warrant, and because plaintiff apparently consented to the collection of his DNA, plaintiff's Fourth Amendment claim fails as a matter of law.

Plaintiff also complains that Detective Hale failed to advise him of his Miranda rights before seizing his DNA. The United States Supreme Court has recognized that the procedural safeguards set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966), are not themselves rights protected by the

REPORT AND RECOMMENDATION
PAGE - 5

Constitution but are, instead, measures to prevent violations of the right against compulsory self-incrimination. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003). However, the Supreme Court has also recognized that while the privilege against self-incrimination bars compulsion of an accused's communications or testimony, it does not bar compulsion of physical evidence which "[is] neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner." *Schemerber*, 384 U.S. at 764-65. The physical evidence which Detective Hale sought to collect from plaintiff; *i.e.*, his DNA, did not have any communicative or testimonial component and, thus, Detective Hale was not required to advise plaintiff of his Miranda rights prior to collecting the oral swabs.

Finally, plaintiff complains that Detective Hale failed to provide him with counsel before seizing his DNA. The Sixth Amendment to the United States Constitution guarantees that, in all criminal prosecutions, the accused shall have the right to the assistance of counsel for his defense. U.S. Const. Amend. VI. This right is guaranteed at any critical stage of the prosecution. *United States v. Wade*, 388 U.S. 218, 226 (1967). However, the collection and analysis of physical evidence is not deemed a critical stage at which the accused has the right to the presence of counsel. *See id.* at 227-8. The alleged failure of Detective Hale to ensure the presence of counsel for plaintiff prior to collecting his DNA therefore does not implicate federal constitutional concerns.

It is clear from the record that Detective Hale's collection of plaintiff's DNA pursuant to the warrant issued by Judge Keau, did not violate any of plaintiff's federally protected rights. Thus, Detective Hale is entitled to judgment as a matter of law to the extent plaintiff contends that the actual seizure of his DNA was unconstitutional.

In addition to the claims which arise out of the actual seizure of his DNA, plaintiff also asserts a number of claims which arise out of the manner in which Detective Hale conducted his investigation. According to plaintiff, before Detective Hale initiated his investigation against plaintiff, plaintiff was housed in a trustee unit at SDSP. (*See* Dkt. No. 6 at 7.) However, after Detective Hale arrived to collect plaintiff's DNA pursuant to the warrant, plaintiff was transferred to a high security unit where he was strip searched and required to dress in a prison uniform. (*Id.*) Plaintiff was subsequently held in the high security unit for four weeks before being moved to a medium security facility. (*See id.* at 7-8.) After being moved to the medium security facility, and upon the advice of the warden of that facility, plaintiff sent a kite to SDSP Special Security inquiring about the results of his DNA test. (*Id.* at 8.) Plaintiff contends that as a result of that kite he was placed in segregation and stripped of all of his privileges for two weeks. (*See id.* at 8-9.)

Plaintiff believes that the actions of SDSP prison officials were unconstitutional and, apparently, that Detective Hale should be held responsible for those actions because they resulted from his investigation. Plaintiff has established no constitutional deficiency in the manner in which Detective Hale conducted his investigation. While it does appear from the record that plaintiff was subjected to more restrictive housing assignments within the SDDOC during the pendency of Detective Hale's investigation, the assignments were made pursuant to SDDOC policy and are not directly attributable to Detective Hale. Plaintiff's concerns regarding the conditions of his confinement in the SDDOC are properly raised in South Dakota.

## CONCLUSION

Based upon the foregoing, this Court recommends that defendants' motion for summary judgment be granted and that plaintiff's complaint, and this action, be dismissed with prejudice. A

1  proposed order accompanies this Report and Recommendation.

2  DATED this 11th day of February, 2008.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8